UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| ALMA WHEELER<br>　　Plaintiff,<br><br>v.<br><br>UNDERWRITERS AT LLOYD'S<br>LONDON AND BRENT POETSCHKE<br>　　Defendants. | Civil Action No. 2:15-cv-00024 |

## DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON'S NOTICE OF REMOVAL

Defendants, Underwriters at Lloyd's, London, subscribing severally to Policy No. NA1000229600 ("Underwriters" or "Defendant"), gives notice of removal of this civil action from the 365th Judicial District Court, Maverick County, Texas, to this Court:

1. Underwriters were served with process on January 22, 2015. Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Underwriters of the first notice of the Plaintiff's Original Petition.

2. This action is one of a civil nature for damages caused by alleged wrongful acts of Defendants in the investigation and payment of losses in Maverick County, Texas under a policy of insurance.

3. Alma Wheeler, the sole Plaintiff, is a citizen of Texas.

4. Underwriters are all foreign citizens. Defendant Poetschke is a citizen of Texas. These are the only defendants to the lawsuit.

5. Defendant removed this case to federal court because Defendant Poetschke[1] is an improperly joined, non-diverse party. Defendant Poetschke consents to this removal.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332.

7. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8. The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the plaintiff against the non-diverse, improperly joined defendant. *e.g, Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

9. "Threadbare" allegations (those that offer nothing "upon which to draw a reasonable inference" that a plaintiff is entitled to relief from the non-diverse defendant) are "woefully inadequate" for the court to predict that recovery might be possible against a non-diverse defendant on the claims asserted. *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014).

10. Also noteworthy, is the fact that another Maverick County suit against Underwriters and a different adjuster filed by the same San Antonio lawyer is virtually identical to this one. A true and correct copy of a petition in the other suit is attached and incorporated here as Exhibit A for the Court to take judicial notice.

11. The fact alone that this form-petition has been used in other suits, with essentially only a difference in the parties' names and general description of the claim, demonstrates that the

---

[1] In the form petition, which is identical to other petitions before this Court against the same Underwriters, Brent Poetschke is identified as the "adjuster" committing the exact violations here as alleged against other adjusters identified in other petitions. (See Exhibit "A"). The improper joinder is more egregious in this case as Mr.

petition's allegations are conclusory, boilerplate, offer no specificity as to the adjuster's true conduct conduct and fail to establish a plausible claim against the non-diverse adjuster.

12. Plaintiff's Original Petition fails to state a claim against Defendant Poetschke for his work as the adjuster on the property claims made the basis of the suit, and he was improperly joined solely for the purpose of defeating diversity jurisdiction. *See generally Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. April 7, 2014); *Dalton v. State Farm Lloyd's Inc., et al*, No. H-12-3004, 2013 WL 3157532, at *6 (S.D. Tex. June 19, 2013); *see also Ghoman v. New Hampshire Ins. Co.*, 3-01-CV-0092-BD(L), 2001 WL 376460 (N.D. Tex. Apr. 11, 2001) (regarding a wind/hail claim in which the court determined the insurer's agent was improperly joined because the petition lacked details supporting the general allegations that the agent misrepresented terms or benefits of the policy as alleged).

13. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

14. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

15. Plaintiff demanded a jury trial in the state court suit.

16. It appears no Local Rule of the Western District of Texas requires the filing of any documents along with this removal pleading. Nonetheless, Defendant attaches the following for the Court's convenience along with an Index of Documents:

    a) a copy of Plaintiff's Original Petition;

    b) a copy of the answer filed in state court on behalf of Defendant, Underwriters at Lloyd's, London;

---

Poetschke did not adjust the claim made the basis of suit, nor is he an adjuster at all, as the facts will show.

    c)      a copy of the answer filed in state court on behalf of Defendant Brent Poetschke;

    d)      Civil Cover Sheet;

    e)      Supplement to JS 44 Civil Cover Sheet; and

    f)      Disclosure Statement under Fed. R. Civ. P. 7.1.

Defendant, Underwriters at Lloyd's, London, subscribing severally to Policy No. NA1000229600, requests that the above-described action now pending in the 365th Judicial District Court of Maverick County, Texas be removed to this Honorable Court.

                                           Respectfully submitted:

                                        By: */s/ Kenneth H. Tribuch*
                                                 KENNETH H. TRIBUCH
                                                 State Bar No. 24042539
                                                 **PREIS PLC**
                                                 24 Greenway Plaza, Suite 2050
                                                 Houston, Texas 77046
                                                 Telephone: (713) 355-6062
                                                 Facsimile: (713) 572-9129
                                                 Email: ktribuch@preisplc.com

OF COUNSEL:
CAROLINE T. WEBB
State Bar No. 24051497
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: cwebb@preisplc.com


**COUNSEL FOR DEFENDANTS
UNDERWRITERS AT LLOYD'S
LONDON AND BRENT POETSCHKE**

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure on this the 20th day of February 2015.

William N. Allan, IV
Wes Holland
Allan, Nava & Glander, PLLC
825 West Bitters Road, Suite 102
San Antonio, Texas 78216

                                                                                          */s/ Kenneth H. Tribuch*
                                                                                          Kenneth H. Tribuch