CAUSE NO. _____

| | | |
|---|---|---|
| CRISELDA SANDOVAL, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | **365TH** |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UNDERWRITERS AT LLOYD'S, | § | |
| LONDON AND WILEY LEBRUN | § | |
| Defendants | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CRISELDA SANDOVAL ("Plaintiff"), complaining of UNDERWRITERS AT LLOYD'S, LONDON ("Underwriters") and WILEY LEBRUN, ("LeBrun") (collectively "Defendants"), and for such cause of action respectfully show unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure. Plaintiff currently seeks only monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, CRISELDA SANDOVAL, is a resident of Maverick County, Texas.

Defendant, UNDERWRITERS AT LLOYD'S, LONDON, is a corporation engaged in the business of insurance in this state, and may be served with process by serving the Texas Insurance Commissioner, Julia Rathberger, by certified mail, return receipt requested, at 333



that a duplicate copy of the process be sent to Defendant at Edward T. Smith, ESQ at Mendes & Mount, LLP, 750 Seventh Avenue, New York, New York, 10019-6829. Plaintiff requests service at this time.

Defendant, WILEY LEBRUN is a Texas citizen residing in Texas and may be served with process by certified mail, return receipt requested, at 27742 Rice Rd, Hockley, Texas 77447-6221. Plaintiff requests service at this time.

## III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## IV. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks only monetary relief in an aggregate amount of over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue is proper in Maverick County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county; and the insured property that is the basis of this lawsuit is located in Maverick County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

A.  Plaintiff is the owner of a Texas Homeowners Policy No. NAH050368100, issued by Underwriters (the "Policy").

B.  Plaintiff owns the insured property, which is specifically located at 2500 Becos St, Eagle Pass, Texas 78852 (the "Property").

C.  Underwriters or their agent, sold the Policy, insuring the Property, to Plaintiff.

D.  In April 2014, Plaintiff experienced storms that damaged the Property. In its track, the storms left behind widespread damage to the Property, Plaintiff's home.

E.  The Plaintiff immediately submitted a claim to Underwriters. Underwriters assigned Wiley Lehrun ("LeBrun") to adjust the claim. Underwriters assigned claim number 084500 to Plaintiff's claim.

F.  LeBrun, on behalf of Underwriters, inspected Plaintiff's property after the storms. During the inspection, LeBrun, on behalf of Underwriters, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's home.

G.  LeBrun, on behalf of Underwriters prepared a repair estimate, which vastly underscoped the actual damages to the home. Based on LeBrun's estimate, Defendants determined that only $5,064.90 was due on Plaintiff's claim. Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.

H.  Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

the terms of the Policy. Specifically, Defendants failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract.

J.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

K.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

L.   Defendants failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Tex. Ins. Code Section 541.060(a)(3).

M.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(4).

Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code Section 541.060 (a)(7).

O.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.055.

P.   Defendants failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

Q.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, Tex. Ins. Code Section 542.058.

R.   From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no

full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

S.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

T.    The Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's house has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of the Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for her claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendants owes Plaintiff any additional monies on her claim, then Defendants have automatically violated Section 542 in this case.

### C. DTPA Cause of Action

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the

benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

A.   As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

B.   Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles The Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

C.   Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

are unfair practices in the business of insurance in violation of Section 17.50

(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. The Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendants' failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants is guilty of the following unfair insurance practices:

- A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

- B. Engaging in unfair claims settlement practices;

coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement
      of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation
      with respect to the claim; and

G     Failing to provide promptly to a policyholder a reasonable explanation of the
      basis in the insurance policy in relation to the facts or applicable law for the
      denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty
of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's
damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done
knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs
herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of
action. By their acts, omissions, failures, and conduct, Defendants have breached their common
law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire
claim without any reasonable basis and by failing to conduct a reasonable investigation to
determine whether there was a reasonable basis for this denial. Defendants have also breached

Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## VIII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX. DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair her home and any investigative and engineering fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. The Plaintiff is also entitled to recover the amount of her claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and the Plaintiff seeks only monetary relief in an aggregate amount over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment Interest, and attorney fees.

## X. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional

additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

The Plaintiff's Interrogatories, Request for Production, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA & GLANDER, PLLC
825 W. Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@anglawfirm.com

By: _____

WILLIAM N. ALLAN, IV.
State Bar No. 24012204
WES HOLLAND
State Bar No. 24007379

### ATTORNEYS FOR THE PLAINTIFF

Files.Active:41080.0093 - Caseload - Defendants Ins Code\Pleadings\Petitions\Petition.doc

DEFENDANT, UNDERWRITERS AT LLOYD'S, LONDON

TO:  UNDERWRITERS AT LLOYD'S, LONDON, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

## REQUEST FOR DISCLOSURE TO DEFENDANT

**Request for Disclosure 194.2(a):** The correct name of the parties to the lawsuit.

#### Response:

**Request for Disclosure 194.2(b):** Name, address, and telephone number of any potential parties.

#### Response:

**Request for Disclosure 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

#### Response:

**Request for Disclosure 194.2(d):** The amount and any method of calculating economic damages.

#### Response:

**Request for Disclosure 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

#### Response:

**Request for Disclosure 194.2(f):** For any testifying expert:

- (a) the expert's name, address, and telephone number;
- (b) the subject matter on which the expert will testify;

(c)     the general substance of the expert's mental impressions and opinions and a cover summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(d)     if the expert is retained by, employed by, or otherwise subject to your control:

     (i)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

     (ii)     the expert's current resume and bibliography.

## Response:

**Request for Disclosure 194.2(g):** Any indemnity and insuring agreements.

Response:

**Request for Disclosure 194.2(h):** Any settlement agreements.

**Response:**

**Request for Disclosure 194.2(i):** Any witness statements.

**Response:**

**Request for Disclosure 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

## Response:

**Request for Disclosure 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

Response:

2

TO:     UNDERWRITERS AT LLOYD'S, LONDON, Defendant

Instructions:  Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to

produce the below-designated documents.

Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the

originals at the law offices of ALLAN, NAVA, GLANDER & HOLLAND, PLLC Pursuant to Rule

196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the

Requests.

Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course

of business, or organized and labeled to correspond to the requests for production.

As used herein, the following terms shall have the meaning indicated below:

A.      "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

B.      "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- and intra-office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was, but is no longer in your possession or control or is no longer in existence, state whether it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom, or (4) otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

C.      "You and Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other persons acting for said "party".

Plaintiff's Request for Production                                                                                    1

Request for Production No. 1: The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

Request for Production No. 2: The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 3: All training and educational materials which instruct Underwriters claims adjusters or claims handlers in handling claims for property damage coverage under Underwriters homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 4: All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Underwriters homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 5: All procedure or policy manuals or guides meant to guide and assist Underwriters claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists under Underwriters homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 6: All procedure or policy manuals or guides meant to guide and assist Underwriters claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Underwriters homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 7:  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

### RESPONSE:

Request for Production No. 8:  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

### RESPONSE:

Request for Production No. 9:  All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff's claim(s).

### RESPONSE:

Request for Production No. 10:  All communications and documents, including electronic, between Defendant' business departments, including all persons part of the Defendant company, regarding Plaintiff's claim(s).

### RESPONSE:

Request for Production No. 11:  All communications and documents Defendant sent to any other Defendant(s) in this cause of action regarding Plaintiff or the Property, after Plaintiff's claim(s) for coverage.

### RESPONSE:

Request for Production No. 12:  All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit.

### RESPONSE:

Request for Production No. 13:  Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit.

### RESPONSE:

offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**Request for Production No. 15:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under their homeowner insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.

**RESPONSE:**

**Request for Production No. 16:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**Request for Production No. 17:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

**RESPONSE:**

**Request for Production No. 18:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**Request for Production No. 19:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 20:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

Plaintiff's Request for Production                                                              4

Request for Production No. 21: Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 22: Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 23: Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 24: All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant' homeowner insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 25: All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 26: All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant' first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

Plaintiff's Request for Production 5

adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 28:** All materials meant to instruct and guide Defendant' claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. and/or Article 21 .55. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 29:** Any and all materials, documents, statements and/or files that demonstrate Defendant' net worth and Defendant' net income. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 30:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 31:** A copy of each advertisement Defendant have used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 32:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Underwriters to conduct any seminars and/or continuing education classes for Underwriters employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

and/or documents issued by Underwriters to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

### RESPONSE:

**Request for Production No. 34:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant' employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

### RESPONSE:

**Request for Production No. 35:** Any and all materials reflecting Underwriters attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

### RESPONSE:

**Request for Production No. 36:** Any and all materials, documents, files and/or reports sent to Underwriters by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

### RESPONSE:

**Request for Production No. 37:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

### RESPONSE:

**Request for Production No. 38:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage

Plaintiff's Request for Production                                                    7

computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 39: Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 40:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 41: Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

Request for Production No. 42: Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

Request for Production No. 43: A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 44:** The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

Request for Production No. 45: Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

**RESPONSE:**

Request for Production No. 46: Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to her property, and specifically, the claim(s) made the basis of this suit.

**RESPONSE:**

Request for Production No. 47: Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

**RESPONSE:**

Request for Production No. 48: Any and all organizational charts for Defendant.

**RESPONSE:**

Request for Production No. 49: Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.

**RESPONSE:**

Request for Production No. 50: Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

Request for Production No. 51: Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas. This request is limited to the last five (5) years.

Plaintiff's Request for Production                                                                                              9

**Request for Production No. 52:** Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 53:** Any and all documents reflecting or relating to Defendant' decision to pay or deny additional expenses to or on behalf of Plaintiff in this case.

**RESPONSE:**

**Request for Production No. 54:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.

**RESPONSE:**

**Request for Production No. 55:** Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**Request for Production No. 56:** Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**RESPONSE:**

**Request for Production No. 57:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

**RESPONSE:**

**Request for Production No. 58:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

Request for Production No. 59: If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery;

**RESPONSE:**

Request for Production No. 60: Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 61: Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

**RESPONSE:**

Request for Production No. 62: All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

Request for Production No. 63: Any and all Indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

Request for Production No. 64: Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured homeowners. This request is limited to the last five (5) years.

**RESPONSE:**

independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**Request for Production No. 73:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 74:** Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims from 2000 to present.

**RESPONSE:**

**Request for Production No. 75:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant' claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

**RESPONSE:**

**Request for Production No. 76:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

**RESPONSE:**

**Request for Production No. 77:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

**RESPONSE:**

**Request for Production No. 78:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

Plaintiff's Request for Production                                                                         13

**Request for Production No. 79:** Any and all reports, documents or correspondence containing names of designated Individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims for 2000 through the present, along with a list of the lawsuits where testimony was given.

**RESPONSE:**

**Request for Production No. 80:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 81:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims for 2000 through the present, Including but not limited to computer disks, e-mails, paperwork, and manuals.

**RESPONSE:**

**Request for Production No. 82:** Any and all correspondence concerning issues with billing and claims handling with Defendant' vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 83:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant' vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 84:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant' staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

**Request for Production No. 85:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.

**RESPONSE:**

**Request for Production No. 86:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for 2000 through the present.

**RESPONSE:**

**Request for Production No. 87:** Copies of the front and back of each negotiated check made payable solely or co payable to Plaintiff under her insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

**Request for Production No. 88:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 89:** Studies commissioned by Defendant, including any done by a law firm to analyze their claim management strategies, and/or to help them improve corporate profits.

**RESPONSE:**

**Request for Production No. 90:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

**RESPONSE:**

policy made the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 92:** All notes, reports, documents, or applications created and/or generated by Defendant' underwriting department relating to the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 93:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 94:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit.

**RESPONSE:**

**Request for Production No. 95:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.

**RESPONSE:**

DEFENDANT, UNDERWRITERS AT LLOYD'S, LONDON

TO:    UNDERWRITERS AT LLOYD'S, LONDON, Defendant

NOW COME CRISELDA SANDOVAL, Plaintiff in the above styled and numbered cause, and require that UNDERWRITERS AT LLOYD'S, LONDON, Defendant, answer the following Interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Defendant requires that answers to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

## INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

TO:    UNDERWRITERS AT LLOYD'S, LONDON, Defendant

NOW COME CRISELDA SANDOVAL, Plaintiff in the above styled and numbered cause, and require that UNDERWRITERS AT LLOYD'S, LONDON, Defendant, answer the following Interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Defendant requires that answers to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

## INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

Plaintiff's First Set of Interrogatories

1

by way of supplemental answers such additional information as you or any other person acting on
your behalf may obtain which will augment or otherwise modify your answers given to the
Interrogatories below. Such supplemental responses are to be filed and served upon this party
immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

a.   "Person" means natural persons, corporation, partnership, sole proprietorships,
associations, or any other kind of entity or its agents, servants and employees.

b.   "Document" means any written instrument, recorded matter of whatever character,
including but without limitation, contracts, letters, purchase orders, memoranda,
telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements,
investigative reports, announcements, newspaper articles, photographs, tape
recordings, motion pictures, and any carbon or photographic copies of any such
material, and anything else in writing.

c.   "You" and "Your" shall mean the party to whom these questions are directed as
well as agents, employees, attorneys, investigators and all other "persons" acting for
said party.

d.   "Misconduct" is defined as an activity, act, or omission to act which result in a
breach of warranty, express or implied, violation of any statute, regulation, or
industry standard, whether relating to safety or otherwise, or a breach of any duty of
any care.

e.   "Defendant" is defined as the party who is propounding these Interrogatories to you
and any of its agents, servants or employees.

f.   "Occurrence" shall mean the accident, event or happening as set forth in the
Plaintiff's complaint which has given rise to this lawsuit.

Whenever an Interrogatory asks information concerning a document, you are requested to

attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such

person his full name, last known address and home telephone number. If the person to be identified

is not a natural person (e.g. a corporation) give its name and address and principal business activity,

Plaintiff's First Set of Interrogatories                                                                    2

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contend that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law. If so, state what conditions have not been met.

**ANSWER:**

**INTERROGATORY NO. 3:** List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).

**ANSWER:**

**INTERROGATORY NO. 4:** List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**ANSWER:**

**INTERROGATORY NO. 5:** State whether Defendant contend that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any Defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

Plaintiff's First Set of Interrogatories                                                                  3

Defendant' denial or payment and/or recommendation of denial or payment of Plaintiff's claims.

**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant' failure to pay for Plaintiff's full claims.

**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claim (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claim was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified

Plaintiff's in writing the acceptance or rejection of Plaintiff's claim no later than one first business day after receipt of any requested information from Plaintiff's, (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under §542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by §542.060, except where it is found as a result of arbitration or litigation that a claim received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 14:** State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant' handling of first party claims for property damage coverage under homeowner insurance policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 15:** State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant' handling of first party claims for property damage coverage under homeowner policies in Texas.

**ANSWER:**

**INTERROGATORY NO. 16:** For each complainant identified in the responses to interrogatories 14 and 15, state whether any communication was exchanged between Defendant and any Texas governmental regulatory agency regarding the complaint. If the response is yes, for any such complainant, state the name of the agency, the name of the government's

governmental agency's involvement.

**ANSWER:**

**INTERROGATORY NO. 17:** For each investigation by a Texas governmental agency within the last five years into Defendant' practices when handling first party claims for property damage coverage under homeowner/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 19:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agency or agents, and brokers that prepared Plaintiff's Policy including the Property made basis of the claim(s).

**ANSWER:**

Plaintiff's First Set of Interrogatories
6

**INTERROGATORY NO. 22:** Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

**ANSWER:**

**INTERROGATORY NO. 23:** For each of the above listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

**ANSWER:**

DEFENDANT, UNDERWRITERS AT LLOYD'S, LONDON

TO:   UNDERWRITERS AT LLOYD'S, LONDON, Defendant

NOW COMES CRISELDA SANDOVAL, Plaintiff in the above styled and numbered cause, and require that UNDERWRITERS AT LLOYD'S, LONDON, Defendant, respond to the following Request for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:  Defendant' principal place of business is Texas.

RESPONSE:

REQUEST FOR ADMISSION NO. 2:  Defendant conduct the business of insurance in Texas.

RESPONSE:

REQUEST FOR ADMISSION NO. 3:  Defendant insured Plaintiff's property that makes the basis of this lawsuit.

RESPONSE:

REQUEST FOR ADMISSION NO.4:  Defendant insured Plaintiff's property against wind and hail damage.

RESPONSE:

REQUEST FOR ADMISSION NO. 5:  Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

RESPONSE:

REQUEST FOR ADMISSION NO. 6:  Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

RESPONSE:
REQUEST FOR ADMISSION NO. 7:  The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's home causing damage.

RESPONSE:

Plaintiff's Request for Admissions                                                                                    2

REQUEST FOR ADMISSION NO. 8: As a result of water leaking into Plaintiff's home, Plaintiff's personal property was damaged.

RESPONSE:

REQUEST FOR ADMISSION NO. 9: The exterior of Plaintiff's home sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

RESPONSE:

REQUEST FOR ADMISSION NO. 10: The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

RESPONSE:

REQUEST FOR ADMISSION NO. 11: Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

RESPONSE:

RESPONSE: REQUEST FOR ADMISSION NO. 12: Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

RESPONSE:

REQUEST FOR ADMISSION NO. 13: The exterior of Plaintiff's home sustained hail damage as a result of the hailstorm.

RESPONSE:

REQUEST FOR ADMISSION NO. 14: Plaintiff's personal property was damaged as a result of the hailstorm.

RESPONSE:

REQUEST FOR ADMISSION NO. 15: The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

RESPONSE:

REQUEST FOR ADMISSION NO. 16: Defendant improperly and unreasonably adjusted Plaintiff's claim.

RESPONSE:

Plaintiff's Request for Admissions                                                                 3

of Plaintiff's claim.

RESPONSE:

REQUEST FOR ADMISSION NO. 18: Defendant did not conduct a reasonable investigation of Plaintiff's damage.

RESPONSE:

REQUEST FOR ADMISSION NO. 19: Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

RESPONSE:

REQUEST FOR ADMISSION NO. 20: Defendant was not open and honest in their adjustment of Plaintiff's claim.

RESPONSE:

REQUEST FOR ADMISSION NO. 21: Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

RESPONSE:

REQUEST FOR ADMISSION NO. 22: Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

RESPONSE:

REQUEST FOR ADMISSION NO. 23: Defendant misrepresented to Plaintiff that the damage to Plaintiff's property did not need to be replaced.

RESPONSE:

REQUEST FOR ADMISSION NO. 24: Defendant were aware that the damage to Plaintiff's property warranted replacement and not repair.

RESPONSE:

REQUEST FOR ADMISSION NO. 25: Defendant took advantage of Plaintiff's lack of knowledge and experience.

RESPONSE:

Plaintiff's Request for Admissions                                                                                4

years for the mishandling of claims.

RESPONSE:

